7499

COLE v. WARD.

AMENDING PLEADINGS—ANSWER—APPEAL.—One of several defendants after case remanded for new trial may be permitted to amend his answer by changing a defense of the denial of the *bona fides* of a deed to the denial of the execution of the deed when it does not appear that it subjects the other party to hardship or surprise. Such order will not be reversed in this Court unless the appellant shows affirmatively that the order was unjust or not authorized by law.

Before GAGE, J., Darlington, February 27, 1909. Affirmed.

Action by James A. Cole, as assignee, against L. M. Ward, C. B. Edwards, L. E. Carrigan and John McSween. From order permitting defendants, Carrigan and McSween, to amend their answer, defendant, Edwards, appeals.

*Messrs. Geo. H. Edwards* and *E. O. Woods,* for appellant. *Mr. Edwards* cites: *Limitation on power to allow amendments:* 80 S. C., 216; 81 S. C., 579; 83 S. C., 578; 80 S. C., 218; 79 S. C., 272; 81 S. C., 579. *This amendment falls within limitation:* 26 S. C., 423, 320; 32 S. C., 142.

*Mr. Robert Macfarlan,* for defendants, Carrigan and McSween, contra, cites: *Judge may allow amendment after appeal:* 30 S. C., 575; 54 S. C., 113; 61 S. C., 555; 74 S. C., 241; 81 S. C., 578; 75 S. C., 342; 83 S. C., 321, 357. *Amendment completes material allegation of answer:* Code Proc., 194; 80 S. C., 216; 58 S. C., 466. *Order is not*

*appealable:* Code of Proc., sec. 11, s. d. 1, 2; 83 S. C., 321; 57 S. C., 504.

March 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, Cole, brought this action to foreclose a mortgage executed by L. M. Ward. John McSween, L. E. Carrigan and C. B. Edwards were made parties defendant under the allegation that they claimed title to the land. The defendants, McSween and Carrigan, answered, setting up title by purchase at sheriff's sale under executions against J. J. Ward, who had conveyed the land to A. C. Spain, from whom the mortgagor had obtained title. These defendants further alleged that the defendant, C. B. Edwards, claimed title and possession under conveyances from J. J. Ward to A. C. Spain, and through successive grantees from that source to himself. Against Edwards' claim of title they alleged that the deed from Ward to Spain "was not a *bona fide* transaction, and conveyed no title to said Spain, and said deed has never been recorded." Thus it appears that the claim of McSween and Carrigan was on two grounds: First, that the deed from the judgment debtor, Ward, to Spain was not *bona fide;* and, second, that they were purchasers at sheriff's sale of Ward's interest, without notice, of his conveyance to Spain.

The defendant, Edwards, set up these defenses: First. a general denial of the allegations of the answer of McSween and Carrigan; second, that the conveyance from Ward to Spain, under which he claimed, was *bona fide;* third, that he was a purchaser for value without notice; fourth, the statute of limitations and adverse possession.

The issue as to title between McSween and Carrigan and Edwards was tried and a verdict rendered and judgment entered in favor of Edwards. On appeal the Supreme Court ordered a new trial. Thereafter the defendants,

McSween and Carrigan, were allowed, by order of Judge Gage, to amend by striking out of their answer the words italicized in the following clause of the fifth paragraph: "They admit the allegations contained in the sixth paragraph of the complaint, and, further answering, allege that the defendant, C. B. Edwards, claims title and possession of said land under a chain of title originating by *deed from J. J. Ward to A. C. Spain, and through various conveyances down to him. but these defendants allege that such deed was not a bona fide transaction and conveyed no title to said Spain, and said deed has never been recorded.*" In lieu of the words stricken out they were allowed to insert "an alleged deed from J. J. Ward to A. C. Spain, dated January 1, 1889, but said deed, if ever executed, has never been recorded."

If the substituted words are to be considered as a denial of the executions of a conveyance from Ward to Spain, the amendment does substantially change the defense from an allegation that a deed actually made was not *bona fide* to a denial of the existence of the deed. But such a change is permissible under section 194 of the Code of Procedure, when the application for it is made before trial. *Taylor* v. *A. C. L. R. R. Co.,* 83 S. C., 574. In this instance the amendment allows one of the parties to present an issue which he regards as important, and it does not appear that it subjects the other party to hardship or surprise. A Circuit Judge has the discretion to allow or refuse amendments, and this Court should not reverse his order unless the appellant shows affirmatively that the order of the Circuit Judge was unjust or was not authorized by law.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.